DUFRESNE, Judge.
This suit involves a claim for workmen’s compensation benefits, medical expenses, penalties and attorney’s fees alleging that the employee was totally and permanently disabled by a job-related accident which occurred on April 15, 1982. The district court rendered judgment in favor of the employer and dismissed the employee’s suit. The employee took this devolutive appeal asserting that the district court committed error by not finding that the employee’s disability was caused by the job-related accident and not finding that the employee was totally and permanently disabled and entitled to workmen’s compensation benefits and medical expenses. We *1064 agree with the trial court and accordingly, affirm.
Wayne Butler was employed by Jefferson Disposal Company, Inc. working as a laborer on one of its residential garbage collection trucks. Mr. Butler had been hired as a “hopper”, his duties were to pick up garbage along various routes and dump the garbage into a truck as it progressed down the street. On April 15, 1982, while performing his duties, he lifted some garbage in a trash bag and sustained a lower back injury. He contends that when he attempted to lift the trash bag, it was so heavy that he fell down, and felt pain in his lower back, groin and upper portion of his neck and shoulders. Butler’s co-workers called their supervisor, Herbert Smith and reported the injury; shortly thereafter, he was taken to the company physicians, Drs. Anthony LaNasa and Milburn Calhoun.
Dr. LaNasa was the first physician to examine him and his examination was void of any objective signs of injury. His diagnosis characterized Butler’s injury as a muscle strain of the back and felt he could return to work. However, he returned to the clinic and saw Dr. Calhoun, who began conservative treatment. As a result of constant complaints of pain he was hospitalized at West Jefferson Hospital from April 26, 1982, until May 8, 1982.
During his hospitalization, Mr. Butler’s condition was reviewed in consultation with an orthopedic surgeon who made a diagnosis of lumbar strain. After Mr. Butler’s discharge from West Jefferson Hospital, he returned to Dr. LaNasa who found a normal examination. Due to continued complaints of pain, Dr. LaNasa referred him to Dr. Carl Culicchia, a neurological surgeon who examined him and found negative results.
Because Mr. Butler continued to suffer and felt unable to work, he consulted Dr. Franklin Toups and Dr. Charles Billings.
During treatment by Dr. Billings, a CAT Scan was taken in which there was noted some posterior bulging of the disc. Later, a discogram taken of his back indicated lumbar disc disease.
While under the care of Dr. Billings, plaintiff was interviewed by Susan Smith, an occupational therapist and vocational rehabilitation evaluator, who tested Mr. Butler to determine what, if any, occupation he could perform considering his physical condition. Ms. Smith found that unless Mr. Butler had “any significant increase in his capabilities, he could not return to any kind of active work.” This finding was based on her evaluation of Mr. Butler’s “physability to meet physical demands of any activity,” especially his lack of spontaneity and agility.
Barry Gregory, a vocational rehabilitation expert, representing Jefferson Disposal, testified that Mr. Butler was qualified for a number of jobs despite his never interviewing him. Nor did Jefferson Disposal ever offer to have Mr. Butler retrained for or evaluated for any other jobs.
Mr. Butler asserts through counsel the following specifications of error:
1. The trial court erred in failing to find that there was a job-related accident and injury sustained by Wayne Butler.
2. The trial court erred in giving more weight to the testimony of the non-treating physicians.
3. The trial court erred in its finding a lack of credibility of plaintiff based upon the job application.
4. The trial court erred in allowing the testimony of the vocational expert for Jefferson Disposal in contradiction of the pretrial order and without adequate notice.
5. The trial court erred in allowing open re-cross examination when Mr. Butler was put on the stand for rebuttal.
The chain of causation required by LSA-R.S. 23:1031 is that the employment caused the accident, the accident caused the injury, and the injury caused the disability. The plaintiff-employee in a workmen’s compensation accident has the burden of establishing by a preponderance of the evidence the causal connection between his disability and the accident. Martin v. H.B. Zachry Company, 424 So.2d *1065 1002 (La.1982). The factual findings of the district court as to work-related disability-are entitled to great weight on appellate review. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La. 1979).
The trial court stated that Mr. Butler’s case failed because of credibility reasons and because the preponderance of the medical testimony weighed in favor of the defendant, Jefferson Disposal Company. Here the trial court considered the testimony of Drs. Anthony LaNasa, Carl Culicchia and Wilmot Ploger on behalf of defendant and the testimony, of Dr. Charles Billings on behalf of plaintiff and the deposition of Dr. Franklin Toups. After reviewing all of this evidence, the trial court in its Reasons For Judgment found the evidence supporting the opinions of defendant’s experts.
The trial court stated as follows:
“As to the medical testimony, I gave more weight to the testimony of Culicc-hia, LaNasa and Ploger, then I gave to Billings. I just simply found that they were — that their conclusions were better supported by the evidence then the conclusions of Doctor Billings. Of course, I did not have the live testimony of Doctor Toups: I didn't have an opportunity to observe his testimony.”
Furthermore, the trial court reasoned that Butler had lied on material issues and consequently elected to disregard his testimony in its entirety. The trial judge stated the following in his reasons from the bench.
“There were inconsistencies to say the least to Mr. Wayne Butler’s testimony. On cross examination it was pointed out that in his original employment application, he was asked if he’d ever been injured and he answered no: whereas, the testimony indicated that in 1975, he had a back injury. He was in an automobile accident that same year. In 1974, he was in some type of auto accident. And, more importantly, in 1976, he had a compensation claim against Delta Commodities.
He was asked if he was ever convicted of a crime. He stated no; but the evidence indicated otherwise.
I was not satisfied with is expía — he tried to explain — his answers, in that employment application and I was simply not impressed with his answers after considering his demeanour.
... So, in considering from a credibility standpoint, I could not accept the — as true, many of the statements made by the plaintiff in this case and I elected therefore to — since I believed he lied on material issues. I elected to disregard his testimony entirely.
In conclusion, the plaintiff’s case failed because of credibility reasons and it also fails because the medical testimony preponderantly weighs in favor of the defendant.”
The trial court found the testimony of Butler, his lay-witnesses, and medical experts with regard to pain suffered by Butler to be highly questionable and lacking in credibility. It is the trial court’s function to determine the weight to be accorded the medical and lay testimony. Woods v. Petroleum Helicopters, Inc., 415 So.2d 978 (La.App. 1st Cir.1982). Since the physical inability of a compensation claimant to return to work due to substantial pain is a question of fact, we will not disturb the trial court’s determination unless clearly wrong. Patín v. Continental Casualty Company, 424 So.2d 1161 (La. App. 1st Cir.1982). Upon review of the record, and in light of the trial court’s evaluations of credibility, we find no manifest error in the trial court’s conclusion that the limited medical evidence and lay testimony support a conclusion that plaintiff is not totally disabled. The standard of review as implemented by this court and made applicable to the matter before this court is whether the trial court was manifestly erroneous. Perrilloux v. Godchaux-Henderson Sugar Co. Inc., 436 So.2d 1325 (La.App. 5th Gir.1983). See also: Babineaux v. Continental Oil Co., 407 So.2d 1323 (La.App. 3rd Cir.1981) and Lovisa v. Employers Ins. of Wausau, 343 So.2d 390 (La.App. 4th Cir.1977).
*1066 As to the plaintiff’s other allegation that the trial judge erred in allowing a vocational expert witness to testify in contradiction of the pre-trial order: We find no great moment in this at all. The trial judge has much discretion in any determination made to allow modification of any pre-trial order. See Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1982). Here both counsel were allowed to add an expert witness to the pre-trial order and the record reflects that plaintiff had adequate notice to depose the defendant’s expert pri- or to trial. Further, plaintiff has not shown that the testimony of said expert has in anyway prejudiced the plaintiff, nor that such action by the trial court was an abuse of the trial judge’s discretion.
Plaintiff further contends that the trial judge erred by allowing the defendant and the court to cross-examine the plaintiff when he testified on rebuttal. Wide latitude is given to counsel in cross-examination of witnesses. We likewise find no prejudice to the plaintiff here in this action of the trial judge. The record reflects adequate and sufficient evidence to support the judgment of the district court.
Accordingly, for the foregoing reasons, the decree of the district court is affirmed.
AFFIRMED.