499 So.2d 1192 (1986)
Charles EWELL
v.
SCHWEGMANN GIANT SUPER MARKETS.
No. 86-CA-354.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
*1193 E. Howard McCaleb, III, Metairie, for plaintiff-appellant.
Ralph S. Johnson, New Orleans, for defendant-appellee.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
A worker sues his employer seeking worker's compensation benefits for a work-related accident which he claims left him permanently disabled. From a judgment in the employer's favor, the employee appeals.
On May 17, 1982, plaintiff-appellant, Charles Ewell, was working for Schwegmann Giant Super Markets, Inc., defendant-appellee, when he slipped in a puddle of water and fell on his back hitting his head on the concrete floor. He was seen by the company physician, Dr. Pierre Espenan, treated for a scalp contusion and released.
The next day Ewell returned with back pain, and although an examination proved negative, he was treated for his complaint. After two treatments on May 20 and May 21, 1982, Dr. Espenan examined Ewell and still finding no objective signs of injury discharged him to return to work. On May 24, 1982, Ewell returned to Dr. Espenan's office and complained of back pain. Dr. Espenan examined Ewell with the same negative finding and again discharged Ewell to return to work.
Ewell did return to work but because of back pain he left after first refusing to do both his regular duties and those lighter duties his employer offered.
At the advice of his attorney, Ewell went to Dr. Leroy J. Stagni, a chiropractor. He treated Ewell from July 4, 1982 until July 28, 1982. Dr. Stagni then discharged Ewell, and Ewell returned to work at various temporary jobs, including warehouse work.
In June, 1983, some eleven months later, Ewell went to Charity Hospital with his complaint of back pain. There, he was seen once every other month by the staff doctors until January 9, 1984 when he discharged himself and again sought temporary work.
Finally, in September, 1985 Mr. Ewell again consulted with his attorney about his back pain, and again sought treatment from Dr. Stagni. After examination, he suggested that Ewell seek further diagnostic testing from an orthopedic surgeon or a neurosurgeon.
Meanwhile, Schwegmann Giant Super Markets had paid compensation to Mr. Ewell from June 4, 1982 until July 5, 1982 when Dr. Stagni advised that Ewell could return to work. Schwegmann also had paid Ewell's medical expenses from services rendered by both Dr. Espenan and Dr. Stagni up until his discharge by Dr. Stagni in July, 1982. This suit was instituted on May 16, 1983.
After trial on November 27, 1985, the trial court rendered judgment in favor of the defendant and dismissed Ewell's case. Ewell appeals the dismissal reurging his claim for worker's compensation benefits, medical expenses, penalties, and attorney's fees.
*1194 The issue before the court can be summarized as follows: whether plaintiff's work related accident on May 17, 1982 caused disability of a total and permanent nature.
In order to recover benefits under the Louisiana worker's compensation law an employee must establish that the employment caused the accident, the accident caused the injury, and the injury caused the disability. Butler v. Jefferson Disposal Co., Inc., 460 So.2d 1062 (La.App. Cir. 5 1984). The plaintiff-employee in a worker's compensation accident has the burden of establishing by a preponderance of the evidence the causal connection between his disability and the accident. Cook v. Marshall Brothers Lincoln Mercury, Inc., 427 So.2d 655 (La.App. Cir. 5 1983). In each case, it is the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an award for disability. Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980). It is the trial court's function to determine the weight to be accorded the medical and lay testimony. Butler v. Disposal Co., Inc., supra. This is a factual determination which should not be disturbed on appellate review unless it is clearly wrong. Pendleton v. Spartan Building Construction, 432 So.2d 298 (La. App. Cir. 5 1983). In the case before us it was conceded that plaintiff suffered an injury on May 17, 1982, which was work-related. However, the trial judge did not find that the plaintiff had met his burden of establishing by a preponderance of the evidence that the injury caused a permanent or partial disability.
The trial court stated in his reasons for judgment as follows:
Medical records produced from Charity Hospital indicate a concern by one doctor that plaintiff was malingering.
Plaintiff's work history has been sporadic and the evidence shows that he voluntarily chose not to return to work although discharged by the doctor shortly after this accident to return to work. Plaintiff put on no convincing proof that he was unable to return to work on May 22, 1982....
Furthermore, the trial court pointed out that plaintiff had denied any previous back injury on his Schwegmann's job application, and that at trial he had testified that he did not remember ever seeing Dr. Espenan prior to the accident at Schwegmann's. However, testimony from the doctor revealed that plaintiff had been treated by him many times prior to this accident, including once in June, 1981 for a lumbar sacral sprain.
In conclusion, the plaintiff's case apparently failed because of credibility reasons, and also, because the trial judge felt that the preponderance of medical testimony weighed in favor of the defendant.
In his pleadings, plaintiff first contends that the trial judge incorrectly allowed into evidence the medical reports of doctors not available for cross-examination (plaintiff does not name the doctors referred to here); and that the trial court incorrectly considered irrelevant information contained in these reports concerning injuries incurred prior to his May 17, 1982 accident. Plaintiff next contends that the trial court incorrectly rejected his testimony as unreliable based on his job application; and that he failed when he did not give more weight to the testimony of his wife, his medical expert, and the Charity Hospital records.
In response, defendant-appellee submits that the objected to medical reports were admissible under the business records exception of the hearsay rule. Defendant-appellee further directs this court's attention to Ewell's questionable credibility, including his sporadic work history and his history of industrial accidents. He argues that this evidence, when considered together with the fact that Ewell worked during the one year interval between discharge by Dr. Espenan and institution of this suit, is proof that Ewell was not disabled by the May 17, 1982 accident such that he was unable to return to work on May 24, 1982.
Relative to Ewell's first complaint, an examination of the record reveals *1195 that Ewell's attorney objected when Dr. Espenan read from medical records kept by his clinic which contained treatment reports made by doctors other than himself. In a worker's compensation case, a doctor's report is hearsay and cannot be used in lieu of testimony to establish the medical facts therein stated. Butler v. Overnite Transportation Co., Inc., 444 So.2d 676 (La.App. Cir. 5 1984). While we find that the trial judge here should not have admitted those portions of the medical report which contained medical findings from doctors not subject to cross-examination, its admittance under the facts of this case is harmless error, there being considerable medical evidence to substantiate the judgment. Fillwock v. Brown and Root, Inc., 422 So.2d 458 (La.App. Cir. 5, 1982). Moreover, apart from the one reference to a Dr. Burkett who treated Ewell for a back injury in 1977, the conclusions reached by the trial judge as stated in his reasons for judgment were based on testimony from Dr. Espenan and on the medical findings contained in the records from Charity Hospital, evidence which was properly received into evidence.
Plaintiff's next complaint that the trial judge erred when he gave too little consideration to his wife's and his own testimony appears insupportable. Both Ewell and his wife each had testified that he had had continuous back pain since his fall at Schwegmann's. Mrs. Ewell testified that since the fall her husband was no longer able to help with the usual household chores. However, we find that this testimony lacks credibility, in that it materially conflicts with other testimony that plaintiff had continued to work at various temporary jobs, including warehouse work. Also, as did the trial judge, we find Mr. Ewells testimony questionable, in that plaintiff had falsified his job application with Schwegmann. In this application Ewell had denied any previous job related injuries. Although at trial Ewell attempted to explain the falsification and testified that he did so for fear that he would not be hired otherwise, still he went on to further testify that his first contact with Dr. Espenan was in May, 1982. This testimony was inconsistent with his medical history as testified to by Dr. Espenan, that plaintiff had had other job related injuries prior to the May, 1982 fall at Schwegmann's. After observing these conflicts in the evidence, the trial judge apparently concluded, and we agree, that the evidence of plaintiff's prior injuries and his denial of them when considered together with the fact that Ewell worked during the one year interval between discharge by Dr. Espenan and institution of this suit, made plaintiff's evidence of disability unreliable.
Additionally, in connection with this conclusion, we note that contrary to plaintiff's assertion, evidence of prior injury and claims is admissible insofar as they bear upon any issue before the court, including credibility, and to establish whether the disability is causally related to the particular accident. Meyers v. Employers Liability Assurance Corp., 176 So.2d 658 (La. App.1965). Thus, plaintiff's objection on grounds of irrelevancy to the trial judge's admitting into evidence testimony of his past injuries is also without merit.
Similarly, plaintiff's complaint that the trial judge erred when he gave too little consideration to the testimony of his medical expert, Dr. Stagni, and the Charity medical records appears without merit. The record reveals that Dr. Espenan, although his testimony was not supportive of plaintiff's claims, had treated Ewell over several years, whereas Dr. Stagni's contact with Ewell was prompted by Ewell's attorney in anticipation of litigation. Accordingly, the trial judge was within his discretion to resolve any conflict in medical opinion in favor of appellee. Sino v. Chalmette General Hospital, 489 So.2d 311 (La.App. Cir. 4 1986). Furthermore, our review of the record indicates that, like Dr. Espenan, Dr. Stagni had discharged Ewell to return to work shortly after the fall at Schwegmann's. Also, Ewell's medical records from Charity indicate that those doctors, after failing to find any objective basis for Ewell's back pain, had suspected the verity of his complaint.
*1196 In conclusion, it is the trial court's function to determine the weight to be accorded the medical and lay testimony. The reviewing court should not disturb its factual findings unless clearly wrong. Given the evidence, the conflicts in the record, and the grounds for doubt as to the plaintiff's credibility, we find that the trial judge was correct in finding that plaintiff is not totally disabled from a work-related injury.
Accordingly, for the foregoing reasons we affirm the judgment of the lower court.
AFFIRMED.