614 So.2d 135 (1993)
Rudolph SCHULZ
v.
BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS.
No. 92-CA-1737.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1993.
Joel P. Loeffelholz, New Orleans, for appellee.
Joseph W. Fritz, Jr., New Orleans, for appellant.
Before BYRNES, LOBRANO and ARMSTRONG, JJ.
BYRNES, Judge.
On June 20, 1991 the trial court rendered judgment in favor of plaintiff Rudolph Schulz against the defendant the Board of Commissioners of the Port of New Orleans (the Port) under the Louisiana Workmen's Compensation law, declaring Mr. Schulz to be "totally and permanently" disabled. Mr. Schulz was awarded $267.00 weekly in workmen's compensation benefits as well as "all future medical expenses associated with Mr. Schulz's disability that arose out of the job related stress induced heart problems [angina] that he suffers from...". No appeal was taken from that judgment.
On December 2, 1991, plaintiff was admitted to Meadowcrest Hospital with chest pains and nausea. He remained at Meadowcrest through December 6, 1991 during which time extensive tests were run and the following costs were incurred:

1. Meadowcrest Hospital $7,751.50
2. Dr.'s Levenson, Falterman
 and Mioton 850.00
3. Dr.'s Belenger, Beauchamp,
 Neizschamn
 and Hendler 141.00
4. Dr. Richard Deno 150.00
5. Southern Gastroenterology 785.00

Mr. Schulz was diagnosed as having gastritis which is not heart related. The Port refused to pay any of the above listed expenses because gastritis was not related to Mr. Schulz's job related disability.
On May 29, 1992 the trial court rendered a judgement pursuant to plaintiff's rule for medical payments and attorney fees ordering the Port to pay all of the expenses. On *136 June 3, 1992 that judgment was amended reducing Mr. Schulz's award to $8892.50 and reasons for judgment were issued stating that:
... [B]ut for the heart condition such expensive investigation would not have been incurred. It was because of his prior disabling heart condition that the doctors suspected the complaints were related to the heart. The expense was incurred to rule out this etiology. In this sense the expense was related to the disabling condition.
The charge of $785.00 by the gastroenterologists will be excluded because such treatment obviously is not related to suspected pathology.
The Port appeals that judgment, contending that it is not responsible for medical expenses related to a diagnosis of gastritis.
There is no testimony in the record from the hearing on Mr. Schulz's "Rule For Medical Payments and Attorney Fees" held on May 29, 1992. The only evidence in the record consists of copies of medical billings with no itemized breakdown and some unexplained medical records.
Mr. Schulz does not contest the fact that gastritis is not a job related medical condition. He is not entitled to reimbursement for medical expenses arising solely from gastritis.
This appeal raises two questions:
1. Whether as a matter of fact, the medical expenses incurred by Mr. Schulz which resulted in a diagnosis of gastritis, a non-compensable medical condition, would not have been incurred "but for" his previous history of heart trouble, which is a compensable condition; and
2. Whether as a matter of law Mr. Schulz was entitled to recover medical expenses for a medical condition resulting in a diagnosis of gastritis which is not job related just because those expenses would not have been incurred "but for" the existence of Mr. Schulz's heart condition which is job related.
The trial judge in his "Reasons For Judgment" makes it plain that he realizes that Mr. Schulz could not recover for gastritis per se. In answer to the second question we note that neither party cited any authorities dealing with medical expenses arising out of a non-work-related condition but would not have been incurred "but for" a valid work related medical condition. Broussard v. Greywolf Drilling Co., 562 So.2d 1006 (La.App. 3 Cir.1990) cited by plaintiff is inapposite. However, we hold that where there is a clear and convincing showing that the non-work-related medical expenses were incurred because of the work related condition and would not have been incurred in the absence of the work related condition that the spirit of the Louisiana Worker's Compensation is broad enough to allow recovery. It is not sufficient for Mr. Schultz to show that his previous heart condition was only one of several factors which the doctors considered when deciding which tests to run. It is not our intention to open a Pandora's Box of non-work-related Worker's Compensation claims.[1] For this reason the burden must be on the plaintiff and the proof must be clear, convincing and specific.
The bill in the record from Southern Gastroenterology Clinic for $785.00 could not be the basis for the trial court's decision in favor of Mr. Schulz as the judge denied Mr. Schulz's claim for reimbursement for that bill. The Meadowcrest Hospital bill shows on its face a diagnosis of acute gastritis. This is not a medical condition for which Mr. Schulz is entitled to recover from the Port. The burden is on Mr. Schulz to overcome the presumption that the bill is non-compensable when the diagnosis shown on its face is non-compensable.
Among the medical records furnished by the plaintiff are references not only to testing for heart problems but numerous tests for other non-heart related problems. It is *137 impossible to tell from the record exactly what portion of plaintiff's stay in Meadowcrest Hospital was attributable to testing that was done because of Mr. Schulz's pre-existing heart condition; nor can we tell how much of even the heart related testing was standard precautionary procedure done on all patients admitted to the hospital; we cannot tell how much of the heart related testing would have been done on any patient who complained of chest pains regardless of prior medical history; and even if we knew these things, we still do not have an itemized cost breakdown, although it would be unusual if one did not exist.
The clearest piece of evidence in the record is the Meadowcrest Hospital "Discharge Summary" which provides in pertinent part as follows:
SUMMARY: This is a 53 year old gentleman admitted with atypical chest pain and GI symptomatology. He has a hospital of a possible MI and angiography which apparently was normal. He was a smoker.
HOSPITAL COURSE: The patient underwent a GI and brief cardiac workup and was discharged. He will a have OP followup.
LABS: Vital signs were stable during this admit. US of the abdomenno gallstones, some fatty infiltration of the liver. Chest x-rayunremarkable. He had a macrocytic indices with Hct of 52, WBC 9, MCV 108. His Chem-7 profileunremarkable. Liver profileslightly Gastric biopsynegative. Upper endoscopy demonstrates a hemorrhagic gastritis. Stress test was negative at a less than 80% of predicted heart rate. Echocardiogram was unremarkable. EKGsinus rhythm, right axis deviation, nonspecific STT changes.
PRINCIPAL DX:
1. A TYPICAL CHEST PAIN, PROBABLY SECONDARY TO HEMORRHAGIC GASTRITIS.
2. HEMORRHAGIC GASTRITIS, PROBABLY SECONDARY TO ALCOHOL.
3. TOBACCO ABUSE
4. ABNORMAL LIVER FUNCTION STUDIESSECONDARY TO ALCOHOL. (Emphasis added).
In view of the above comprehensive non-heart related diagnosis, the predominance of numerous non-heart related procedures performed, and the reference to only a "brief cardiac workup" we do not find that the record supports the decision of the trial court.
Plaintiff was admitted to Meadowcrest Hospital on December 2, 1991 and was not discharged until December 6, 1991.
Plaintiff argues that: "After a heart attack was ruled out they began looking for other causes of his symptoms and discovered he was suffering from gastritis." Plaintiff's argument acknowledges that during some part of the stay in Meadowcrest the focus was not heart related.
As we cannot determine from the record what portion was heart related, plaintiff, in effect, asks us to presume that it all was. However, if we were to make an assumption in the absence of reasonable evidence, then logic dictates that heart attack as the most likely cause would have probably been ruled out quickly on an emergency basis; and if we were to make assumptions based on the current state of the record we would conclude that more of the stay in Meadowcrest was non-heart related than heart related.
Arguments of counsel whether in oral or written form do not constitute evidence. Cashio v. Holt, 425 So.2d 820, 823 (La.App. 5 Cir.1982); Safeco Ins. v. Farm Bur. Ins. Companies, 490 So.2d 565, 568 (La.App. 3 Cir.1986). Therefore, such arguments cannot overcome evidentiary deficiencies. There is insufficient evidence to support the finding of the trial court that this bill would not have been incurred "but for the heart condition."
An injured employee claiming medical benefits under the workmen's compensation law must prove by specific evidence that his claim is related to a reasonable certainty to his work-related injury by a preponderance of the evidence. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La. *138 App. 2 Cir.1991); Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.App. 2 Cir.1978). Unparticularized evidence from which it may be inferred that the employee received medical treatment does not constitute evidence offered on and directed toward the issues of the nature, cost and necessity of the medical services. Although on the face of the record non-heart related procedures preponderate and the diagnosis was non-heart related, there is also sufficient evidence of substantial heart related procedures to indicate that there may be merit in Mr. Schulz's claim. Unfortunately, there is not enough in the record to determine whether all or part of Mr. Schulz's heart related medical expenses were incurred because of his prior heart condition. Nor is there enough evidence in the record to determine how much expense should be allocated to procedures performed because of Mr. Schulz's prior heart condition in the event it is determined that procedures were indeed done for that reason.
For the foregoing reasons we affirm that portion of the judgment of the trial court denying Mr. Schulz's claim for the Southern Gastroenterology Clinic bill in the sum of $785.00, and as was done in Brown v. City of Monroe, 521 So.2d 780, 783 (La. App. 2 Cir.1988), we remand that portion of the judgment awarding Mr. Schulz $8892.50 for the balance of the medical expenses claimed to the trial court for further proceedings to determine precisely what portion of those expenses are properly attributable to Mr. Schulz's work-related condition in accordance with the guidelines set forth in this opinion.
AFFIRMED IN PART AND REMANDED IN PART.
NOTES
[1] We recognize that this holding raises several vexing questions. For if in the future the situation were reversed and the ultimate diagnosis had been heart related but the testing had been because of a prior history of stomach trouble, logic and consistency might dictate that we deny recovery. However, that question is not before the court at this time and we make no such holding.