653 So.2d 102 (1995)
Barbara THOMAS,
v.
SEARS, ROEBUCK AND COMPANY, et al.
No. 94-CA-2003.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1995.
Order Granting Rehearing for Limited Purpose and Otherwise Denying Rehearing Applications April 27, 1995.
Writ Denied June 23, 1995.
*103 Iris A. Tate, Wilkerson, Tate & Williams, New Orleans, for plaintiff-appellee.
Dona J. Dew, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, for defendants/appellants.
Before SCHOTT, C.J., and KLEES and JONES, JJ.
SCHOTT, Chief Judge.
In this worker's compensation case plaintiff was awarded benefits for temporary total disability. Her employer, Sears, Roebuck and Company and its insurer have appealed seeking reversal of the judgment and plaintiff has answered the appeal seeking modification of the judgment and penalties and attorney's fees. The principal issues are whether the trial court erred in awarding *104 benefits for temporary total disability (TTD) and whether the record supports plaintiff's entitlement to Supplemental Earnings Benefits (SEB) in lieu of TTD.
Plaintiff was injured at work on August 5, 1983, when she fell off of her chair. On September 9 she went to her family physician, Dr. Henry Evans, Jr., with complaints of pain in her neck and shoulder, pain in the left hand, headaches, and pain in her low back with leg numbness. After treating her conservatively for cervical and lumbar strains he referred her to Dr. Kenneth Vogel, a neurosurgeon.
When Dr. Vogel first saw plaintiff on May 3, 1984, she complained of cervical pain, left arm pain, and numbness of the left hand. His examination disclosed positive findings in the cervical spine and testing revealed a herniated cervical disc at C3-4. On August 13, 1984, Dr. Vogel performed an anterior cervical fusion on plaintiff. He thought she reached maximum medical recovery one year after the surgery. In February 1986, Dr. Vogel thought she was able to return to work full time provided that she limit repeated neck movements and that she avoid pushing, pulling, or lifting in excess of thirty five pounds.
During this entire time period plaintiff continued to see Dr. Evans. Although she continued to complain of neck and shoulder pain on January 14, 1987, he reported that he agreed with Dr. Vogel's evaluation including the restrictions placed on her work activities. At this point defendants terminated her compensation benefits. In December 1987, Dr. Vogel re-evaluated and found her condition was the same.
In June 1987, Dr. Evans reversed his previous position and found that plaintiff's condition had deteriorated following a period of stability. He continued to treat plaintiff throughout 1987 and 1988 during which plaintiff never stopped complaining of pain. Throughout this period Dr. Evans remained convinced that her pain was substantial to the extent that she could not return to work even though she had some temporary periods of remission. He saw her again in 1990 and her condition had not improved. Her disability prevented her from returning to work and was the result of her accident in August 1983 even though she had a number of other health problems.
The record contains a number of reports from other physicians who have treated plaintiff for various problems including cancer. Among these are reports from Dr. Butler of the Tulane Orthopedic Clinic. These reflect that plaintiff was in an automobile accident in December 1992 after which she noted an immediate onset of neck, back and shoulder pain. She told Dr. Butler about her past cervical problems, but had been experiencing only "intermittent symptoms" until she had this new accident. Subsequent reports by Dr. Butler were related to the automobile accident. In his final report on June 26, 1993, Dr. Butler concluded plaintiff had multi-level degenerative changes in the lower cervical region.
Plaintiff testified that she has endured constant pain in her neck which has prevented her from engaging in any physical activity. Her husband's testimony corroborated hers.
In its June 1994 reasons for judgment, the trial court made these findings. Plaintiff is in pain which prevents her from returning to work and this pain is the result of her accident at work on August 5, 1983. Her testimony was not impeached at trial and her husband's testimony was "exceptionally credible" as he described his wife's pain and suffering. Dr. Evans' testimony also supports her testimony concerning her pain.
The findings constitute credibility evaluations and resolutions of factual conflicts which are within the province of the trial court. The problem is whether they support the legal conclusion that plaintiff is entitled to compensation benefits for temporary total disability. (TTD)
LSA-R.S. 23:1221 as written when plaintiff was hurt provided for TTD along with permanent total disability benefits and SEB. The record is clear that plaintiff reached maximum recovery at some point between August 1985, one year after her surgery, and January 1987. According to Dr. Vogel, plaintiff could return to work in February *105 1986 with some limitations and in January 1987 Dr. Evans agreed.
The trial court did not discuss plaintiff's condition in terms of duration and did not consider whether there was a foreseeable time of recovery. Consequently, the findings do not support a conclusion of "temporary" disability in the literal sense of the word. As in Ross v. St. Paul Fire & Marine Ins. Co., 556 So.2d 891, 895 (La.App. 2 Cir.1990), a plaintiff's disability cannot be temporary where the testimony shows that the injury has stabilized by a certain date and has not improved since that time. This is exactly what happened to plaintiff. It follows that her disability is not temporary and the trial court erred in awarding benefits for temporary total disability under R.S. 23:1221(1).
In her original pleadings plaintiff demanded alternative relief for either temporary total disability, permanent disability, or SEB. Once the trial judge found entitlement to TTD there was no need to address the other alternatives. Nevertheless, the record is sufficient for us to address these alternatives now that we have rejected the determination of entitlement to TTD.
In order to receive benefits for permanent total disability the employee is required by R.S. 23:1221(2)(c) to establish entitlement by clear and convincing evidence and then only if she can establish physical inability to engage in any employment including employment while working in any pain. In the present case neither the clear and convincing burden of proof nor the exclusion of other possible employment elements was met by plaintiff. There is no basis for an award under this section.
The next question is plaintiff's entitlement to SEB. In order to recover, the employee must first prove by a preponderance of the evidence that she is unable to earn wages equal to ninety percent or more of the wages she earned before her accident. R.S. 23:1221(3)(a).[1] Once the employee's burden is met, the burden of proof shifts to the employer to show that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in her or the employer's community or reasonable geographic region. R.S. 23:1221(3)(c)(i). In Smith v. Louisiana Dept. of Corrections, 93-1305 (La. 2/28/94), 633 So.2d 129, 132 (La.1994) the court characterized the analysis as to whether an employee has carried her burden of proof to establish entitlement to SEB as "a facts and circumstances one" and restated the principle that the law should be liberally construed in favor of coverage.
The Smith case involved a claimant's loss of vision. It was not a substantial pain case as this one is. Applicable here is R.S. 23:1221(3)(c)(ii) which provides:
For purposes of Subsubparagraph (i) of this Subparagraph, if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee can not perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment. (emphasis ours)
In this case plaintiff's case rests on the theory that she is unable to perform any work whatsoever because of substantial pain. Under Smith she had the initial burden of proof by a preponderance of the evidence to establish entitlement to SEB. Assuming she carried this burden the burden of proof shifted to the employer to prove her physical ability to perform certain available jobs. Once this is done the burden shifts back to the employee to prove by clear and convincing evidence that solely due to substantial pain she is unable to perform any of the jobs offered.
In the present case the employer produced a rehabilitation expert who identified numerous jobs available to plaintiff on the assumption that Dr. Vogel's assessment of plaintiff's condition was correct. He acknowledged on cross examination that his idea of plaintiff's job potential or employability would be different if plaintiffs testimony of her pain were ture. However, there was no further evidence presented by the employer as to availability of jobs, and, what is more significant, *106 there was no evidence by the plaintiff to meet her burden of proof by the clear and convincing evidence standard that her pain prevented her from performing any of the jobs offered by the employer.
In Cline v. St. Jude Medical Center, Inc., 619 So.2d 712, 715 (La.App. 4th Cir.1993) the court held the evidence was sufficient to support the trial court's award of SEB based upon the testimony of the plaintiff and her physician who was a neurologist and an expert in the field of physical medicine and rehabilitation who treated her continually for some time leading up to the trial. This physician found that plaintiff was "too dysfunctional, both physically and emotionally, to do any work.... even light duty work." In the present case the record contains only general conclusions by Dr. Evans that plaintiff is unable to perform the work she was doing when injured but no specific testimony concerning plaintiff's ability to perform each of the jobs described by the employer's rehabilitation expert.
In this case the trial court reached a conclusion of entitlement to TTD which was erroneous as a matter of law. The trial court did not decide the issue of entitlement to SEB one way or the other. The record shows that defendant's rehabilitation expert did not have the benefit of all the medical evidence as he searched for and identified jobs available to plaintiff and it shows no attempt on plaintiff's part to meet her burden of showing by clear and convincing evidence that she could not perform any of the jobs offered. Because the record on this issue is incomplete and in order to provide plaintiff a fair opportunity to establish entitlement to SEB we have concluded that a remand of the case to the trial court is the just, legal and proper result in this case. C.C.P. art. 2164. Our conclusion is buttressed by the characterization in the Smith case of the question of entitlement to SEB as a "facts and circumstances one". The resolution of that sort of a question has to be resolved first in the trial court and should not be attempted by an appellate court on the basis of record that is less than complete.
In her answer to the appeal plaintiff seeks penalties and attorney fees which the trial court denied. In reasons for judgment the trial court found that defendants did not act arbitrarily and capriciously in terminating benefits to plaintiff based upon the January 1987 report of Dr. Evans in which he agreed with Dr. Vogel's assessment. At this point there was medical opinion supporting termination of benefits. Consequently, the termination was justified. The trial court's conclusion in this regard is not manifestly erroneous.
Accordingly, the judgment in plaintiff's favor awarding worker's compensation benefits for temporary total disability is reversed and set aside. The case is remanded to the trial court for a determination of whether or not plaintiff is entitled to Supplemental Earnings Benefits based upon whatever additional evidence the parties may wish to present and in accordance with the views expressed herein.
REVERSED AND REMANDED.
PER CURIAM.
We grant rehearing for the sole purpose of considering that portion of the judgment of the trial court awarding plaintiff $1,795.00 for the bills of Dr. Evans. In our original opinion we overlooked this issue. The trial court was apparently convinced that these expenses were related to plaintiff's compensable injury. Although the trial court erred in finding plaintiff was entitled to benefits for temporary total disability the record supports the award for these medical expenses. Therefore, we affirm that portion of the judgment.
In all other respects the applications for rehearing filed by appellants as well as appellee are denied.
NOTES
[1] These references are to the statute as it was written in 1983.