682 So.2d 239 (1996)
Gaetano MONTANA
v.
CITY OF NEW ORLEANS.
No. 95-CA-1701.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1996.
Rehearing Denied November 22, 1996.
Writ Denied January 31, 1997.
*241 Leonard A. Washofsky, Leonard A. Washofsky, A Law Corporation, Metairie, for Plaintiff/Appellee.
Avis Marie Russell, City Attorney, Neil J. Kohlman, Assistant City Attorney, New Orleans, for Defendant/Appellant.
Before BARRY, LOBRANO and JONES, JJ.
BARRY, Judge.
The City appeals a judgment which awards plaintiff worker's compensation benefits, penalties and attorney fees. The evidence does not support a finding that the plaintiff's disability is temporary. Therefore, we reverse the award and remand for the hearing officer to determine whether the plaintiff is entitled to other benefits such as permanent total disability or supplemental earnings benefits. We reverse the award of medical expenses and remand to determine the expenses that are attributable to plaintiff's work related injury, and we reverse the penalties and attorney fees.

Facts
Gaetano Montana was a plumber for the Orleans Criminal Sheriff's Office from August to October 1987 when he injured his right shoulder while on the job. The City paid compensation benefits from October 1987 to August 1993 of $429 bi-weekly ($214.50 per week).
Montana testified that he receives $502 per month disability compensation from a 1983 work related injury when he was employed by a union. He also receives Social Security disability benefits for that injury. The record does not disclose the current amount of Social Security payments, but he testified it was $841 per month in 1989 when those benefits commenced.
Linda Blount, adjustor for New Orleans Rosenbush Claims Service, Inc., notified Montana on August 19, 1993 that benefits were terminated because Social Security benefits exceeded his compensation benefits. That letter is in evidence. Richard Patin, Supervisor for Rosenbush, testified that Montana's benefits were terminated because Rosenbush anticipated a Social Security setoff.
Montana initiated this action on February 4, 1994. A pretrial conference was held on August 2, 1994 and trial was set for November 17, 1994. Montana timely filed a pretrial statement in July 1994. The City did not submit its pretrial statement until October 26, 1994.
*242 The hearing officer concluded that Montana is temporarily totally disabled and ordered the City to pay Montana worker's compensation benefits from August 14, 1993 in the amount of $214.50 per week plus interest, medical expenses of $1,135 plus interest, a 12% penalty and $5,000 attorney fees based on the City's arbitrary termination of Montana's benefits. The City appeals.

Medical and Vocational Rehabilitation Report
The City complains that the hearing officer erred by refusing to admit into evidence the reports of the City's medical expert and vocational rehabilitation counselor. Montana responds that the City did not timely procure the reports.
Under La.R.S. 23:1317(A) the hearing officer is not bound by technical rules of evidence or procedure except as therein provided. See Kennedy v. Johnny F. Smith Trucking & Commercial Union Insurance Companies, 94-0618 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 529. The hearing officer has broad discretion as to pretrial procedure. Id.
In Kennedy the First Circuit affirmed the exclusion of testimony of two witnesses because they were not listed on the pretrial statement. As outlined in the Louisiana Administrative Code, the pretrial statement must identify witnesses. Witnesses not listed were excluded.
It is clear that the hearing officer has much discretion regarding the implementation and enforcement of the pretrial procedure rule. Because of the need to insure an orderly disposition of cases, the hearing officer is given broad discretion to determine whether or not to modify a pretrial order listing witnesses.... Absent an abuse of this discretion, the decision of the trier of fact will be upheld.
Kennedy, 652 So.2d at 529.
The hearing officer did not issue a pretrial order and the record does not contain a discovery deadline. However, the hearing officer set August 2, 1994 for a pretrial conference and ordered the parties to file a pretrial statement seven days prior to the conference. The City did not comply until October 26, 1994. Dr. Mimeles' report is listed under "Documentary Evidence" and the vocational rehabilitation report is not listed. The record contains no prior mention of either report.
Montana was examined on November 1, 1994 by the City's expert, Dr. Mimeles. Counsel for Montana said the City faxed a copy of Dr. Mimeles' November 1, 1994 report on November 7, 1994, ten days before trial. The vocational evaluation ordered by the City was performed November 15, 1994 and that report was faxed to counsel for plaintiff the day before trial.
The hearing officer refused to admit those reports into evidence:
It is clear ... that when there was a pre-trial conference in August of '94 that the parties were talking about a Social Security offset and that's what both parties wanted to do in the matter.
The Court believes that subsequent to that, that the City found out information, that a Social Security offset could not be taken and therefore in late October ... decided to change its mind to look for a reason not to pay this gentleman any comp or to lower the amount that it would pay.
The Court does believe (Montana's counsel) was taken by surprise in good faith, and therefor [sic], will grant the Motion in Limine.
Because the City did not list the vocational rehabilitation report in its pretrial statement, the hearing officer did not abuse his discretion by disallowing the report into evidence. Kennedy, supra. Although the City listed the medical report, the pretrial statement was filed three months late and three weeks before trial. The City offered no explanation for its failure to timely file the statement and obtain the medical and vocational rehabilitation examinations.
The reports were properly excluded.

Temporary Total Disability
The City claims that Montana reached maximum medical improvement and his condition is not temporary.
*243 A threshold issue is the burden of proof. The City asserts Montana must prove his condition by clear and convincing evidence. Montana does not address the burden of proof.
At the time of Montana's injury, La.R.S. 23:1221(1) provided:
Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
Prior to the 1989 amendment to § 1221, a plaintiff's burden of proof in a claim for temporary total disability benefits was by a preponderance of the evidence. Vernon v. Wade Correctional Institute, 26,053 (La.App. 2 Cir. 8/19/94), 642 So.2d 684, 690. Acts 1989, No. 454, effective January 1, 1990, heightened the claimant's burden of proof for temporary total disability under La.R.S. 23:1221 and eliminated consideration of the odd lot, sheltered employment and working in pain doctrines. Those amendments are substantive and cannot be retroactively applied. Id. The rights and duties of the parties are fixed according to the law in effect at the time of injury. Vernon, 642 So.2d at 689, citing Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992).
Montana was injured in October 1987, more than two years before Acts 1989, No. 454 became effective. Therefore, we apply the law in effect prior to the 1989 amendment and plaintiff's burden of proof is by a preponderance of the evidence. Vernon, 642 So.2d at 690; Brown v. Churchill & Thibaut, Inc., 93-1216 (La.App. 1 Cir. 5/20/94), 637 So.2d 764, 768. See Thomas v. Sears, Roebuck & Co., 94-2003 (La.App. 4 Cir. 3/29/95), 653 So.2d 102, writ den. 95-1239 (La. 6/23/95), 656 So.2d 1033.
Temporary total disability is a question of fact for the hearing officer. Vernon, 642 So.2d at 689. The hearing officer's factual findings as to disability and length thereof in a worker's compensation case are entitled to great weight and should not be disturbed absent manifest error. Id.
When a claimant is disabled at the time of trial and is still undergoing medical testing with an indefinite recovery period, yet it appears reasonably certain he will be able to engage in the same or other gainful occupation within a foreseeable period of time, he is entitled to temporary total benefits. Ross v. St. Paul Fire & Marine Insurance Co., 556 So.2d 891, 895 (La.App. 2d Cir.1990). The claimant is no longer entitled to temporary total disability benefits when a satisfactory degree of healing is reached. Id.
In Thomas v. Sears, Roebuck & Co., 653 So.2d at 105, this court reversed an award for temporary total disability because the plaintiff reached maximum recovery and
(t)he trial court did not discuss plaintiff's condition in terms of duration and did not consider whether there was a foreseeable time of recovery. Consequently, the findings do not support a conclusion of "temporary" disability in the literal sense of the word.... (A) plaintiff's disability cannot be temporary where the testimony shows that the injury has stabilized by a certain date and has not improved since that time.
Thomas, 653 So.2d at 105. This Court remanded for a determination of whether the plaintiff was entitled to supplemental earnings benefits.
Montana's physician did not testify and the record does not contain a vocational rehabilitation report which mentions Montana's limitations and condition after 1988. The record contains reports by Montana's physician, Dr. Ralph Gessner, as well as Dr. Gessner's letters to Rosenbush Claims Service. Dr. Gessner noted Montana's improvement until approximately July, 1992. The July 21, 1992 report states Montana's "right shoulder is improving." Beginning November 13, 1992 Dr. Gessner expressed his opinion that Montana's condition was "permanent." In February and March 1994 Dr. Gessner stated Montana is "totally disabled." In May 1994 he wrote that Montana "is *244 disabled permanently from any type of gainful employment." Those notes indicate that Montana has not improved since 1992 and his condition is not temporary.
The hearing officer relied upon a February 17, 1994 letter from Dr. Gessner to Rosenbush which states that Montana "might be looking at a total shoulder [replacement]." However, the record does not show the likelihood of future surgery and the anticipated results of that surgery.
Considering that the scant medical evidence in the record shows little (if any) improvement in Montana's condition since 1992, the hearing officer was clearly wrong by finding that Montana is temporarily disabled and we reverse. The record does not contain sufficient evidence to determine Montana's entitlement to other benefits such as permanent total or supplemental earnings benefits. Therefore, we remand for that determination.

Retirement
The City contends Montana is "retired" because he has not sought employment since his injury. That argument has no merit.
Allen v. City of Shreveport, 93-2928 (La. 5/23/94), 637 So.2d 123, cited by the City, is inapposite. Allen allowed supplemental earnings benefits to the claimant who accepted early retirement benefits and worked a minimum wage job after his position with the employer was abolished. The Court stated:
If Allen had accepted retirement benefits in lieu of returning to his former job [i.e., if that job were still available], he would be retired and not entitled to SEBs.... While a person could retire before reaching the age of 65 by withdrawing from the work force, claimant Allen has not retired.
Allen, 637 So.2d at 126.
There is no evidence Montana voluntarily withdrew from the work force. Montana testified he did not return to work because of his injury and his doctor did not release him to work. Dr. Gessner's reports support that conclusion.

Social Security Offset
The City claims that it is entitled to an offset against compensation benefits based on Montana's Social Security disability benefits.
La.R.S. 23:1225 is Louisiana's wage-loss benefit coordination law and allows an offset of Social Security disability benefits against state worker's compensation law in the event of an overlap. La.R.S. 23:1225(A) provides (and provided at the time of Montana's accident) that worker's compensation benefits for a permanent total disability "shall be reduced" when the person receiving worker's compensation is receiving Social Security Disability benefits. La.R.S. 23:1225(C) provides an offset based on other benefits not funded by the employee. At the time of Montana's accident, Section 1225(C) provided:
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. [Emphasis added.]
Garrett v. Seventh Ward General Hospital, 95-0017 (La. 9/22/95), 660 So.2d 841 held that under Section (C)(1)(c) an employer is entitled to a reduction of his obligation to pay worker's compensation benefits when the employee is receiving worker's compensation and Social Security disability benefits. However, the plaintiff in Garrett was receiving Social Security disability benefits in connection with his current injury with the same employer. This case is distinguishable because Montana's Social Security disability *245 benefits arise from an unrelated injury with a previous employer.
Although no case has considered whether Garrett applies under these facts, we do not decide that issue because the award of temporary total disability benefits is reversed and the matter remanded to determine the benefits owed.

Medical Expenses
The City argues that Montana did not prove he is entitled to the unpaid balance of Dr. Gessner's bill. That claim has merit.
The injured employee claiming medical expenses under the worker's compensation law must prove by specific evidence that his claim is related to his work-related injury. Schulz v. Board of Commissioners of the Port of New Orleans, 614 So.2d 135, 137 (La.App. 4th Cir.1993). The standard of proof is preponderance of the evidence. Id. Unparticularized evidence from which it may be inferred that the employee received medical treatment does not constitute evidence of the nature, cost and necessity of the medical services. Id. at 138.
Plaintiff introduced into evidence a balance sheet showing the amount charged for a multitude of medical visits and the unpaid balance of $1,135. The balance sheet does not disclose whether the charges are related to Montana's work related injury. Mr. Patin admitted that the calculation was correct but did not testify as to the nature and purpose of each charge. There is no evidence to support the trial court's finding that compensable medical expenses are owed.
We reverse the award of medical expenses and remand for a determination of what expenses are attributable to Montana's work related injury.

Penalties and Attorney Fees
The City argues that penalties and attorney fees were improperly awarded because the City had a reasonable basis to controvert Montana's right to benefits. We agree.
The hearing officer held that the City arbitrarily discontinued benefits because there was no legal basis for a Social Security offset absent a judgment of permanent total disability and the City was not diligent in its discovery.
Under former La.R.S. 23:1201(E) (see now La.R.S. 23:1201(F)) a penalty is assessed if compensation or medical benefits which are payable without an order are not timely paid. That rule does not apply where the employer reasonably controverts the employee's right to the benefits. Id.
La.R.S. 23:1201.2 imposes liability for attorney fees for failure to pay a claim "when such failure is found to be arbitrary, capricious, or without probable cause."
The August 19, 1993 notice from Rosenbush to Montana stated that benefits were being discontinued due to the Social Security offset. Although Garrett v. Seventh Ward General Hospital, supra, had not been decided, Garrett demonstrates that it is reasonable to controvert benefits based on an offset. Additionally, Dr. Gessner's reports strongly suggests that Montana reached a point of maximum recovery and state that his condition is permanent.
Considering Garrett and the evidence as a whole, we conclude the hearing officer erred by assessing penalties and attorney fees. That portion of the judgment is reversed.

Conclusion
The hearing officer did not abuse his discretion by refusing to admit into evidence the City's medical and vocational rehabilitation reports where the City did not comply with the hearing officer's order pertaining to the pretrial statement and did not explain its failure to timely obtain the reports.
Considering the medical evidence which shows that the plaintiff's injury has not significantly improved since 1992 and that plaintiff might not return to work, the award of temporary total disability benefits is manifestly erroneous. We reverse that award and remand for a determination of the benefits to which plaintiff is entitled. We do not reach the issue of whether the City is entitled to an offset for Social Security benefits.
*246 The record shows that Montana did not return to work because of his injury and does not support the City's claim that Montana retired.
The evidence shows unpaid bills for medical services but does not specify which services correspond to Montana's work related injury. Therefore, we reverse the award of medical expenses and remand for a determination the services attributable to Montana's work related injury.
The award of penalties and attorney fees is reversed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.