652 So.2d 526 (1995)
William E. KENNEDY
v.
JOHNNY F. SMITH TRUCKING and Commercial Union Insurance Companies.
No. 94 CA 0618.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*527 Robert C. Lowther, Covington, for William E. Kennedy.
Denis Paul Juge, Kelann E. Larguier, Juge, Napolitano, Leyva & Guilbeau, Metairie, for Johnny F. Smith Trucking and Commercial Union Ins. Cos.
Before GONZALES and PARRO, JJ., and REDMANN,[1] J. Pro Tem.
PARRO, Judge.
This is a worker's compensation action in which an employee, William E. Kennedy ("Kennedy"), sought to recover benefits for total disability as a result of injuries suffered while in the course and scope of his employment with Johnny F. Smith Trucking ("Smith Trucking"). The hearing officer for the Office of Worker's Compensation ("OWC") found that Kennedy failed to prove the work-related accident caused a disability and denied Kennedy's claim for disability benefits. From that judgment, Kennedy appeals. This court affirms.

*528 STANDARD OF REVIEW

A court of appeal may not overturn a judgment of a hearing officer absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. See Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). Before an appellate court may reverse a factfinder's determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong (manifestly erroneous). Id. at 882; see Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).

FACTS
Kennedy suffered from degenerative joint disease. He had received continual medical treatment and had been on prescription medication for this condition since September 16, 1986. Kennedy worked primarily as a truck driver/heavy equipment operator during his work life. While employed by Pittman Construction on October 19, 1990, Kennedy sustained a work-related injury to his lower back while lifting a large gear. After receiving medical treatment and being released to return to work by one of his doctors, Kennedy became employed as a truck driver with Smith Trucking of Slidell. His employment with Smith Trucking began around July, 1991. Kennedy performed all duties required of him by his job with Smith Trucking. On December 6, 1991 while making a delivery of clay to a Ronald Adams Construction, Inc. work-site in the New Orleans area, Kennedy slipped from the front part of the trailer of his truck and fell to the ground as he was getting ready to dump his load of clay. Kennedy completed the delivery and drove his truck back to the office in Slidell. He notified Gladys Cole, a Smith Trucking employee, about his fall when he reached the office. He did not return to work with Smith Trucking after his December 6, 1991 fall. Ms. Cole completed an employer's report of injury on December 11, 1991 which indicated that Kennedy injured his left leg on December 6, 1991 while getting off of the top of the truck bed.
On December 14, 1991, only eight days after his fall, Kennedy filled out an employment application with Bar W Trucking ("Bar W"), one of his former employers. On this application form, Kennedy reported that he left his employment with Smith Trucking due to lack of work. No mention was made on the application about his back or leg conditions. In fact, he indicated that he did not have a physical condition that might limit his ability to perform the job applied for. On this application, he also stated that he was capable of heavy manual work. The job that he was applying for with Bar W was similar to that of his former job with Smith Trucking. As a truck driver with Bar W, he would be required to tie down and place a tarp over the load he was hauling. In conjunction with his employment application, Kennedy underwent a physical examination on December 16, 1991 by Dr. Robert L. Thompson which revealed no abnormalities. He was hired by Bar W as a truck driver. He worked for Bar W until the end of February, 1992 (approximately 2½ months) without missing a day of work and without voicing any complaints of pain to his employer or his co-employees.

PROCEDURAL HISTORY
Contending that he was totally disabled as a result of his December 6, 1991 fall, Kennedy requested that Smith Trucking and its worker's compensation insurer, Commercial Union Insurance Companies ("Commercial Union"), provide him with medical treatment and weekly compensation benefits. Based on their refusal to pay worker's compensation benefits, Kennedy filed a disputed claim for compensation seeking weekly compensation benefits and medical treatment by the doctor of his choice.
During the trial on the merits, the hearing officer denied Kennedy's request that a lay witness (Carl Penton), who was not listed as a potential witness on his pretrial statement, be allowed to testify at the trial of this matter. He also refused to allow the record to be held open for the testimony of a medical witness (Dr. David M. Jarrot), who was also not listed by Kennedy as a potential witness. After the trial, the hearing officer found that Kennedy was not disabled right *529 after the December 6, 1991 accident and that Kennedy failed to prove that the December 6, 1991 accident caused the subsequent disability complained of. Based on these findings, judgment was entered dismissing Kennedy's claim for disability benefits at his costs.
Kennedy appeals from that judgment and contends that the hearing officer erred in disallowing the testimony of Carl Penton ("Penton") and refusing to allow the case to remain open for the deposition testimony of Dr. David M. Jarrot ("Dr. Jarrot"). Regarding the hearing officer's findings as to the merits of the case, he argues that the hearing officer improperly weighed the medical evidence in reaching his conclusion that Kennedy was not totally disabled as a result of the December 6, 1991 accident. He also takes issue with the hearing officer's finding that Smith Trucking and Commercial Union were not arbitrary or capricious in refusing to pay benefits.

EXCLUSION OF THE TESTIMONY OF MR. PENTON AND DR. JARROT
The first issue to be addressed is whether the hearing officer abused his discretion in excluding the testimony of Penton and Dr. Jarrot because of Kennedy's failure to disclose the names of these witnesses on his pretrial statement.
In general, a hearing officer shall not be bound by technical rules of evidence or procedure. LSA-R.S. 23:1317. Moreover, LSA-R.S. 23:1310.1(C) authorizes the director of the OWC to adopt reasonable rules and regulations, including the rules of procedure before the hearing officers, according to the procedures established by the Administrative Procedure Act, LSA-R.S. 49:950 et seq. Pursuant to such authority, the director promulgated hearing officer's rules which have been incorporated into Title 40 of the Louisiana Administrative Code. Title 40, Part I, Chapter 21, Rule 2157 of the Louisiana Administrative Code ("Rule 2157") pertains to pretrial procedure. Section B of this rule provides for the filing of a pretrial statement seven days prior to the pretrial conference. Information to be provided in the pretrial statement is outlined in Section C of this rule. With regard to the identification of witnesses, Rule 2157 § C(5), in pertinent part, provides that the statement shall set forth:
A list of witnesses each party may call and a short statement as to the nature but not to the content of their testimony, and whether their testimony will be offered live or by deposition. Except for the witnesses listed, no other witnesses may be called to testify except for good cause shown.
Upon his own motion, or upon the request of any party and for cause shown, the hearing officer may waive all or any part of the requirements of this rule. Rule 2157 § G. It is clear that the hearing officer has much discretion regarding the implementation and enforcement of the pretrial procedure rule. Because of the need to insure an orderly disposition of cases, the hearing officer is given broad discretion to determine whether or not to modify a pretrial order listing witnesses. See Id.; Zanca v. Exhibition Contractors Company, 614 So.2d 325, 329 (La.App. 4th Cir.1993); Naylor v. Louisiana Department of Public Highways, 423 So.2d 674, 679 (La.App. 1st Cir.1982), writ denied, 427 So.2d 439 (La.1983), writs denied, 429 So.2d 127, 134 (La.1983). However, that discretion must be exercised only upon a showing of "good cause" by any party who requests a waiver of the requirement that a witness be listed on the pretrial statement before being called to testify. Rule 2157 § C(5) and § G. Absent an abuse of this discretion, the decision of the trier of fact will be upheld. Zanca v. Exhibition Contractors Company, 614 So.2d at 329.
Kennedy failed to comply with the previously mentioned rule which required the listing of all witnesses who may be called at trial. A review of the record before us reveals that the hearing officer did not abuse his discretion when he refused to allow Kennedy to solicit the testimony of Penton. Kennedy argued that the testimony of Penton was vital to his claim since Penton was the only eyewitness to the incident. However, counsel for Kennedy offered no explanation for excluding the name of this potential witness from his pretrial statement filed on *530 August 10, 1993 (approximately two months prior to trial).[2]
Additionally, our review of the entire record reveals that the hearing officer did not abuse his discretion in refusing to keep the record open at the close of the trial for the deposition testimony of Dr. Jarrot.[3] The fact that Kennedy may not have been in possession of Dr. Jarrot's medical consultation report did not prevent him from knowing that Dr. Jarrot should have been added as a potential witness prior to trial and did not prevent Kennedy from subpoenaing Dr. Jarrot or from deposing Dr. Jarrot prior to trial. Furthermore, in preparing to defend this case, the defendants were not put on notice that Kennedy would be providing expert evidence in the field of neurosurgery so as to allow them an opportunity to respond to this evidence.
In light of Kennedy's failure to show good cause in support of his request for waiver of the pretrial procedure rule, we find no abuse of discretion in the hearing officer's decision to exclude the testimony of Penton and Dr. Jarrot. Moreover, any injustice Kennedy suffered because of the hearing officer's refusal to allow the testimony of Penton and Dr. Jarrot was entirely because of Kennedy's own actions.
Furthermore, this court notes that it is incumbent upon counsel, who contends that a witness's testimony was improperly excluded, to make a proffer, and if he fails to do so, he cannot contend such exclusion was error.[4]See Engineered Mechanical Services, Inc. v. Langlois, 464 So.2d 329, 340 (La.App. 1st Cir.1984), writ denied, 467 So.2d 531 (La.1985). In light of the hearing officer's rulings excluding the testimony of these two individuals, Kennedy should have taken advantage of his opportunity to make an offer of proof. Since he failed to proffer this testimony, he can not now complain about the exclusion of such testimony on appeal. Id.

CAUSE OF DISABILITY
In order to recover worker's compensation benefits, an employee must establish that the employment caused the accident, the accident caused the injury, and that the injury caused the disability. Ewell v. Schwegmann Giant Super Markets, 499 So.2d 1192, 1194 (La.App. 5th Cir.1986). For the purpose of this discussion, we will assume that Kennedy's testimony regarding his fall satisfied his burden of proving the occurrence of an accident producing injury. Thus the focal issue is whether Kennedy proved that his December 6, 1991 injury caused a disability.
An employee must prove by clear and convincing evidence, unaided by any presumption of disability, that he is disabled from engaging in any self-employment or gainful occupation for wages in order to receive disability benefits for a total disability under the provisions of LSA-R.S. 23:1221(1) and (2). However, he need only establish by a preponderance of the evidence the causal connection between his disability and the accident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979); Richard v. Temple-Inland, 625 So.2d 335, 337 (La.App. 3rd Cir.1993); Toth v. Ensco Environmental Services, Inc., 546 So.2d 188, 190 (La.App. 1st Cir.), rev'd on other grounds, 551 So.2d 623 (La.1989), writ denied, 551 So.2d 632 (La.1989); Ewell v. Schwegmann Giant Super Markets, 499 So.2d at 1194. In the absence of such proof, the claimant's demand must fail. See Tanner v. International Maintenance Corporation, 602 So.2d 1133, 1137 (La.App. 1st Cir.1992).
In determining whether Kennedy's injury caused a disability, we note that Kennedy suffered from a preexisting degenerative back condition which had caused him *531 continual problems since September, 1986. The day after the accident, Kennedy sought medical attention from Dr. Jack Diamond, a general practitioner and a personal friend who had treated Kennedy for his degenerative back condition for the past five years. Within one week thereafter, Kennedy sought employment as a truck driver with Bar W. Also, his pre-employment physical examination by Dr. Robert Thompson on December 16, 1991 (10 days after the accident) revealed nothing abnormal. In his employment application, Kennedy stated that he was capable of performing heavy-duty work and, in fact, shortly after completion of his application, Kennedy began performing heavy-duty work for Bar W, which was of the same nature of the work performed by him for Smith Trucking. Thereafter, Kennedy performed heavyduty work for Bar W for approximately 2½ months, without complaint and without missing any work.
Based on Kennedy's actions within the three-month period post-accident, it is obvious that the December 6, 1991 fall did not disable Kennedy. Therefore, this court finds that a reasonable factual basis existed for the hearing officer's determination that Kennedy failed to prove by a preponderance of the evidence that his disability, if any, commenced with or was caused by his December 6, 1991 fall. Based on our review, this court further finds that the record establishes the factual determinations of the hearing officer are not manifestly erroneous.

PENALTIES AND ATTORNEY'S FEES
Kennedy contends that the hearing officer erred in failing to find that Smith Trucking and Commercial Union were not arbitrary and capricious in refusing to pay benefits. The hearing officer's determination as to penalties and attorney's fees is ultimately one of fact and his finding should not be disturbed on appeal absent manifest error. Ross v. St. Paul Fire & Marine Insurance Company, 556 So.2d 891, 898 (La.App. 2nd Cir.1990); Thomas v. Tony's Seafood, Ltd., 633 So.2d 675, 681 (La.App. 1st Cir. 1993), writ denied, 94-0223 (La. 3/18/94), 634 So.2d 856.
In light of our finding with regard to causation of disability, this court concludes that the hearing officer's finding that Smith Trucking and Commercial Union were not arbitrary and capricious in their handling of this matter was reasonable and was not clearly wrong.

DECREE
For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed to Kennedy.
AFFIRMED.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] It is undisputed that Kennedy had knowledge that evidence pertaining to the occurrence of the alleged accident was relevant to his case and that he knew that Penton had witnessed his fall.
[3] The transcript indicates that Dr. Jarrot, a neurosurgeon, saw Kennedy in September, 1993.
[4] LSA-C.C.P. art. 1636 provides for the proffering of evidence that has been ruled by the court to be inadmissible.