818 So.2d 943 (2002)
Narry P. SAUCIER
v.
DYNASTY TRANSPORTATION, INC.
No. 2001 CA 0847.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*944 Christopher H. Riviere, Thibodaux, Counsel for Appellee Narry P. Saucier.
David M. Thorguson, Morgan City, Counsel for Appellant Dynasty Transportation, Inc.
Before: GONZALES, KUHN, and CIACCIO,[1] JJ.
KUHN, J.
Appellant-employer, Dynasty Transportation Inc. (Dynasty), appeals a ruling by the Office of Workers' Compensation (OWC) concluding that appellee-employee, Narry P. Saucier, is permanently and totally disabled as of December 13, 1999. We affirm.
On March 27, 2000, appellee filed a disputed claim for compensation form averring entitlement to permanent total disability benefits. Saucier, a truck driver, sustained injuries to his neck and back in the course and scope of his employment with Dynasty in June 1993.
In this lawsuit, Dynasty admits that Saucier sustained an injury, while he was an employee, performing services arising out of and in the course of his employment with Dynasty. And the parties do not dispute that Dynasty has paid Saucier supplemental earnings benefits (SEB) from the date of injury, apparently based on an earlier OWC determination. Saucier's March 27, 2000 claim alleges that because he is no longer able to engage in gainful employment, changes in his medical condition entitled him to permanent total disability benefits under La. R.S. 23:1221(2).
After a trial on the merits, OWC ruled Saucier was, indeed, permanently and totally disabled. Dynasty appeals, urging that the OWC erred in its conclusion that *945 it had jurisdiction to review the SEB award previously made by OWC increasing the compensation. Dynasty also challenges OWC's conclusion that Saucier proved he is permanently and totally disabled in accordance with the requisites of La. R.S. 23:1221(2). Saucier answered the appeal seeking penalties and an attorney's fee, suggesting that Dynasty's appeal is frivolous and pursued solely for the purpose of delay.
In this appeal Dynasty initially challenges the continuing jurisdiction of OWC to review the SEB award it previously made and increase Saucier's disability benefits from the lesser amount payable for SEB to the amount due for permanent total disability.[2] Citing La. R.S. 23:1310.8 B, Dynasty asserts Saucier failed to prove the requisite change of conditions needed to support OWC's adjustment of his prior award.
Louisiana Revised Statute 23:1310.8 B, addressing OWC's continuing jurisdiction over employees' claims for workers' compensation benefits, provides
Upon the application of any party in interest, on the ground of a change in conditions, [OWC] may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state [its] conclusions of fact and rulings of law.... (Emphasis added.)
Dynasty maintains that the medical evidence shows Saucier's condition and medical restrictions essentially remained unchanged since the award of SEB in 1993 when he sustained his injury.
Based on evaluations of Saucier's present treating physician, Dr. Todd Cowen, commencing on December 13, 1999, OWC expressly found Saucier had regressed since the last disability determination by OWC. The medical evidence supports that conclusion by OWC. Specifically, when Saucier reached maximum medical improvement in August 1993 under treatment provided by Dr. Warren Williams, lifting limitations of no more than 30 to 40 pounds were imposed.[3] But Dr. Cowen's April 2000 restrictions limited Saucier to lifting no more than 20 pounds and then only on an occasional basis. While Saucier experienced a period of left shoulder improvement between April and September 1999, by December 1999, Dr. Cowen noted significant regression in Saucier's left shoulder condition. Thus, we find no error in OWC's implicit conclusion that Saucier proved a change in conditions sufficient to sustain a review of the earlier award of SEB.
A court of appeal may not over-turn OWC judgment absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Before an appellate court may reverse a factfinder's determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the *946 record establishes that the findings are clearly wrong. Kennedy v. Johnny F. Smith Trucking, 94-0618, p. 2 (La.App. 1st Cir.3/3/95), 652 So.2d 526, 528.
Under La. R.S. 23:1221(2), compensation shall be paid in accordance with the schedule of payments for permanent total:
(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.
* * *
(c) For purposes of Subparagraph (2)(a) ... whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) ... compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all oddlot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment. (Emphasis added.)
In short, an employee must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any selfemployment or gainful occupation in order to receive disability benefits for a total disability under the provisions of La. R.S. 23:1221(2). Kennedy, 94-0618 at p. 7, 652 So.2d at 530.
Dynasty urges that OWC erred concluding that Saucier proved entitlement to permanent total disability benefits and cites Weller v. Brown, 97-2155 (La.App. 1st Cir.11/6/98), 724 So.2d 230. In Weller, after indicating that the opinion of the physician, especially the treating physician, is given great weight in workers' compensation cases, this court stated that where a treating physician found a claimant could work, however restricted, claimant was not entitled to permanent total disability benefits. 97-2155 at p. 9, 724 So.2d at 234.
Pointing to Dr. Cowen's notation that a Functional Capacity Evaluation performed at the physician's request showed Saucier "qualified ... for ... light physical demand duty"; and vocational rehabilitation counselor Allen Crane's indication that Saucier was not capable of pursuing or maintaining gainful employment due to "emotional/psychological factors," Dynasty suggests that Saucier failed his burden of proving by clear and convincing evidence that he is physically unable to engage in employment.
OWC found as follows:
[B]ased on Dr. Cowen's April 11th, 2000, report in which he agrees with the functional capacity evaluation restrictions, [Saucier] can't lift over his shoulder. He can't lift in excess of 20 pounds occasionally. He can't lift with his right arm in excess of 10 pounds occasionally. He can't climb or crawl. He's not to do any repetitive action with his left arm.... He's not to do any repetitive [action] with his left arm either.
He's not to drive except to get to and from work if he could work. In other words, he cannot drive for a living. This *947 was [Saucier's] occupation. He drove for a living. That was what he did. In his past employment history [set forth in] Mr. Crane's report, he was also a drag line operator. But everything that [Saucier] has done has been physical in nature. He cannot do this anymore.
... [A]lthough [Saucier] did get on the books an eighth grade education, he has tested out at approximately a fifth grade [level] in all areas. He is about 55 years old. And it is ... the opinion of the vocational rehabilitation expert that at this point in time [he] is not employable in any capacity. I have to say [that] I certainly agree.
I ... find that [Saucier], based upon the back conditions, neck conditions, his frozen shoulder, his emotional state, his educational level, his employment history, he does not have a GED ... and Mr. Crane's statement establishes ... that even for minimum wage work out there that he might could find some type of sedentary position, that given his educational and his emotional state, [I don't feel] he could even handle that.
Based on our review of the evidence, we find no error in OWC's factual findings or its conclusion. Dr. Cowen indicated that Saucier was qualified "for no more than light physical demand duty." (Emphasis added.) Dr. Cowen stated that given Saucier's functional limitations, "as well as his age, experience, etc. his employability would be obviously difficult." And while Crane stated that Saucier "may be capable of gainful employment at or near minimum wage when considering his physical limitations only," he ultimately opined that Saucier "is not currently capable of pursuing and maintaining work." In addition to Saucier's age, we find it noteworthy that Crane's evaluation included testing that placed Saucier in the "borderline mentally handicapped to mild mentally handicapped" range.
Louisiana Revised Statute 23:1221(2)(c) requires that the disabled employee show he is to physically unable to engage in any employment, which Crane's evaluation concluded, attributing that inability to impediments which were both physical and emotional/psychological in nature. We do not construe La. R.S. 23:1221(2)(c) to require an employee to show solely physiological limitations as the basis for his physical inability to secure gainful employment.
Although we have not modified the OWC ruling as Dynasty requested, we decline to assess penalties and an attorney's fee against Dynasty under La. C.C.P. art. 2164.
For these reasons, the ruling of OWC concluding that Saucier is permanently and totally disabled is affirmed. All costs of this appeal are assessed against appellant-employer, Dynasty Transportation, Inc.
AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] At trial, the issue before OWC was limited to whether Saucier was entitled to permanent disability benefits, the parties expressly agreeing that if a dispute about the amount of quantum arose, it would be addressed at a later date.
[3] While Dynasty asserts that the award of SEB to Saucier was made in August 1995, the record contains no evidence to support that date. Saucier has made no representations in brief suggesting the date the prior award of SEB was made by OWC. Thus, based on the evidence, the physician limitations imposed on Saucier were in August 1993 by Dr. Williams and in April 2000 by Dr. Cowen.