?PATTERSON, J. Pro Tern.
Phyllis H. Wright filed a disputed claim for compensation against her employer, Wendy’s International, Inc. (Wendy’s), asserting she was injured while working as a general manager at a Wendy’s restaurant in Ponchatoula. Ms. Wright asserted that on March 22, 1999, she was injured as she lifted a case of drinks from a bottom shelf. She asserted that she felt a pop in her neck, and as the day progressed, her pain worsened. Wendy’s filed an answer, contesting the extent of any injury or disability. Wendy’s asserted it had paid compensation at the rate of $367 per week and continued to pay, without any admission of liability or disability. Alternatively, Wendy’s asserted that it had fully complied with the requirements of the Louisiana Workers’ Compensation Act and that Ms. Wright was not owed any further benefits. Wendy’s asked for all statutory offsets, including unemployment offset and social security offset. Wendy’s asked that the claim be dismissed.
After trial on the merits, the workers’ compensation judge[2] rendered judgment in favor of Wendy’s, finding that Ms. Wright did meet her requisite burden of proof pursuant to La. R.S. 23:1021 showing that a work-related accident with injury occurred on or about March 20, 1999.[3] However, he found she reached maximum medical improvement on September 14, 2000, and was entitled to no further benefits or relief.
The workers’ compensation judge concluded as follows:
Phyllis Wright selected Dr. Lynn Rogers as her choice of treating neurosurgeon. As a result of Dr. Rogers’ impression of “cervical radiculopathy” various diagnostic studies were performed; cervical MRI, cervical myelo-gram, post-myelogram CT scan, EMG and nerve conduction studies and [x]rays. On September 8, 1999, at the request of the defendant, Dr. Gustavo Gutnitsky, a neurosurgeon, examined Ms. Wright and the diagnostic studies and opined that no objective evidence of pathology existed, Ms. Wright complained of shoulder pain and insisted she continued to be disabled and unable to resume her employment. Consequently, on September 6, 2000, an IME took place after | athe appointment of Dr. Anthony Ioppolo, a neurosurgeon. Upon examination and review of the studies, *327 Dr. Ioppolo reports Ms. Wright to be at MMI and can return to gainful employment at her previous job. Nevertheless, due to continued shoulder complaints, an MRI was performed December 4, 2000 of which Dr. Ioppolo reviewed and reported negative findings. Ms. Wright’s temporary total benefits were terminated September 14, 2000; thus given the overall weight of the medical evidence,
IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff herein has reached MMI effective September 14, 2000 and no further temporary total benefits are owing at this time.
Any relief sought not specifically addressed herein is denied, with all allowable cost assessed to the defendant.
Ms. Wright is appealing that judgment, and makes the following assignments of error:
1. The [workers’ compensation] judge erred by excluding medical reports that had to be considered under La. Revised Statute 28:1121(D).
2. The [workers’ compensation] judge erred in failing to determine whether the insurer acted arbitrarily and capriciously in refusing to authorize treatment with an orthopedic specialist.
THE STANDARD OF REVIEW
In a workers’ compensation case, the appellate court’s review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1580 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
ASSIGNMENT OF ERROR NO. 1
Ms. Wright argues that the workers’ compensation judge erred in failing to consider medical reports obtained by her at her own expense. The workers’ compensation judge had imposed a deadline for the filing and exchange of amended pre-trial statements fifteen days prior to the March 15, 2001 trial date, making all amendments to the pre-trial statements due on February 28, 2001. Thus, Ms. Wright’s attempt to file an amended pretrial statement on March 6, 2001, was untimely. Wendy’s | ¿filed a motion to strike the amended pre-trial statement. After a hearing, the trial court granted the motion to strike and ordered that there would be no further discovery, no further amendments to the pre-trial statements, and that Ms. Wright’s amended pre-trial statement would be stricken from the record.
Because of the need to insure an orderly disposition of cases, the workers’ compensation judge is given broad discretion to determine whether or not to modify a pretrial order listing witnesses. Absent an abuse of discretion, the decision of the trier of fact will be upheld. Kennedy v. Johnny F. Smith Trucking, 94-0618 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 529.
We cannot say that the workers’ compensation judge abused his discretion in not allowing Ms. Wright to add new witnesses or evidence to the pre-trial order after the deadline for such amendments had passed. Furthermore, it is incumbent upon counsel, who contends that a witness’s testimony was improperly excluded, to make a proffer, and if he failed to do so, he cannot contend such exclusion was error. Kennedy, 652 So.2d at 530. In this case, Ms. Wright’s proffer consisted of her own testimony about what the doctors told her. She did not proffer the reports of her doctors, thus she cannot complain *328 about the exclusion of such evidence on appeal. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, Ms. Wright asserts that the workers’ compensation judge erred in failing to address the issue of whether the employer’s actions were arbitrary and capricious in failing to authorize treatment with an orthopedic specialist. The record shows that the workers’ compensation judge did address Ms. Wright’s arbitrary and capricious penalty claim. This claim was listed in her pre-trial statement. The judgment, in addition to denying any further disability benefits, decrees “Any relief sought not specifically addressed herein is denied .... ”
Wendy’s refusal to authorize additional treatment was based on the opinion of Dr. Gutnitsky that no additional diagnostic testing was needed. The IME report and opinion of Dr. Ioppolo also negated the need for any additional diagnostic testing. Dr. Ioppolo ^testified that there was no indication for any MRI of the shoulder and that he had specifically considered this in rendering his opinion after the initial evaluation in September of 2000.
Whether the refusal or the discontinuation of benefits warrants the imposition of penalties and attorney’s fees is a factual question which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Clay v. Delphi Interior & Lighting Systems, 34, 242 (La.App. 2 Cir. 12/22/00), 775 So.2d 1207, 1211. We cannot say the workers’ compensation judge erred in denying penalties and attorney’s fees in this case. This assignment of error has no merit.
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. Costs of this appeal are assessed against Ms. Wright.
AFFIRMED.

. The workers' compensation judge was Robert W. Vardnado, Jr. of the Office of Workers' Compensation, District 6S. See La. R.S. 23:1310.5(F).

.At trial, Ms. Wright stated that the injury actually occurred on March 20, 1999, but that her district supervisor told her to report that the injury had occurred on March 22, 1999, the date she called to tell him about it.