861 So.2d 613 (2003)
Johnny RATLIFF
v.
BRICE BUILDING COMPANY and Larry McCorkle.
No. 03-CA-624.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 2003.
*615 Lloyd N. Frischhertz, Diane M. Sweezer, Frischhertz and Associates, LLC, New Orleans, LA, for Claimant/Appellant (Johnny Ratliff).
Eric A. Bopp, Walter R. Woodruff, Edward S. BoppA Law Corporation, Arabi, LA, for Defendant/Appellee (Larry McCorkle).
Thomas J. Eppling, Lance E. Harwell, Staines & Eppling, Metairie, LA, for Defendant/Appellee (Brice Bldg. Company).
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Plaintiff, Johnny Ratliff, appeals from the dismissal of his disputed claim for workers' compensation filed against Brice Building Company ("Brice") and Larry McCorkle d/b/a McCorkle Steel Reinforcing ("McCorkle").
Claimant filed a disputed claim for compensation on November 11, 2000, alleging that he was injured in a work related accident on July 24, 2000, while employed by McCorkle. He also filed a claim against Brice, the general contractor, alleging that it was his statutory employer. Both defendants plead affirmative defenses, including the defense of intoxication.
The matter was heard by the workers' compensation court on February 10, 2003. Prior to trial, the court granted Brice's motion to have the plaintiff's witnesses and exhibits stricken on the basis that plaintiff had not filed a pretrial statement. The court further granted McCorkle's motion to exclude the deposition of Dr. Bourgeois, on the basis that counsel for McCorkle did not receive notice of that deposition.
Thereafter, the court rendered judgment in favor of defendants, dismissing Ratliff's claim with prejudice.

FACTS
Ratliff alleged that he was working as a laborer with McCorkle, having been rehired in June of 2000. On July 24, 2000, he was sent to the Ascension of Our Lord Church in LaPlace, to work on a building project by Brice. He and a co-worker were carrying two 40 foot iron rods. The co-worker tripped and dropped his end, causing the bars to fall on Ratliff's right shoulder. He tripped and fell to the ground. Ratliff went to Pendleton Memorial Hospital, where he was diagnosed with a fractured acromion. McCorkle paid wages in lieu of workers' compensation from the date of the accident until September 8, 2000. On November 17, 2000, Ratliff filed a disputed claim for compensation.
Ratliff went to work for Mickey Bennett, doing business as Foundation Builders, from November 22, 2000 until January 10, 2001. Mr. Bennett stated that he hired Ratliff as a laborer, and that his duties included digging ditches by shovels and picks, and cleanup work. Mr. Ratliff would also do some finishing work, which included bending and kneeling. Mr. Bennett stated that Ratliff appeared physically capable of doing the work, and did not complain until that last day of his employment, when he was moving slow, and did not want to keep up the pace. Mr. Bennett further stated that Ratliff did not tell him of any prior injury. Bennett's records indicated that Ratliff "was fired because he wasn't dependable and lack of interest in his work." Finally, Mr. Bennett stated that three times after Ratliff stopped working for him, Ratliff came back and asked for employment. Ratliff never indicated that he could not do certain types of work.
At trial, Ratliff testified that he worked for Bennett after McCorkle stopped paying *616 him, and that he performed finishing work. He stated that he did tell Mr. Bennett about his injuries, and that Bennett only required him to use a finishing trowel because of the injury. Ratliff stated that he was terminated because Bennett did not have the work for him.
On March 5, 2001, Ratliff filed a supplemental disputed claim for compensation. From June 2001 until October 2002, Brice paid claimant compensation benefits.
On June 13, 2001, Dr. Gordon Nutik, an orthopedic surgeon, conducted a physical examination of Mr. Ratliff, and he also reviewed the reports from Ratliff's treating physician. In his report, Dr. Nutik stated that Ratliff complained of pains in his neck, right shoulder and lower back. His responses to examination were inconsistent, as he "would restrict range of motion in certain positions and allow more normal ranges of motion in other positions." Dr. Nutik noted that there were no complaints of lower back pains in the emergency room records, or the records of the treating physician, and therefore it was questionable that the lower back pains were caused by the accident. He stated at the time of the examination, he did not see any evidence of a fracture of the right acromion, and therefore if there had been one it was healed. He further stated that there were no objective clinical findings to indicate evidence of a disability of the neck, right shoulder or lower back. Dr. Nutik opined that Mr. Ratliff could perform, at the least, a light level of work. He further stated that, "It is my initial opinion that he should be able to be functionally capable of heavier work however it is difficult to assess him because of the inconsistencies at the time of this examination."

ANALYSIS
In this appeal, Ratliff alleges that the workers' compensation judge erred in finding that his exhibits were inadmissible due to his failure to file a pre-trial statement. He further alleges that the judge erred in ruling that he failed to meet his burden of proof that a work-related accident occurred or that he sustained an injury. Finally, he alleges that the trial court erred in not finding that he was temporarily and totally disabled.
Claimant alleges that the trial court erred in finding his evidence inadmissible for his failure to file a pre-trial statement.
La. Workers' Compensation Rules and Regulations Sections 6003-6007 require the parties to submit a pre-trial statement. The workers' compensation judge may refuse to accept the introduction of testimony of evidence that has not been listed in the pre-trial statement. "Because of the need to insure an orderly disposition of cases, the workers' compensation judge is given broad discretion to determine whether or not to modify a pretrial order listing witnesses. Absent an abuse of discretion, the decision of the trier of fact will be upheld." Wright v. Wendy's International, Inc., 2001 2758 (La.App. 1 Cir. 12/20/02), 836 So.2d 325, 327.
In this case, the record shows that on November 20, 2001, Brice filed its statement of evidence. Brice filed its pre-trial statement on January 30, 2002, and amended it on April 9, 2002, April 15, 2002, and July 2, 2002. On February 11, 2002, Larry McCorkle filed a pre-trial statement in proper person on behalf of McCorkle. On October 21, 2002, claimant filed a motion for continuance on the ground that his counsel had left the firm representing him, causing the firm to assign new counsel to his claim. Trial was rescheduled for and conducted on February 10, 2003.
*617 In refusing to allow claimant's evidence, the workers' compensation judge noted that:
As evidenced by the record, through examination indicates that this Court issued pretrial orders on at least three occasions, January 22nd, February the 19th, and March 5th, all of 2002, instructing all parties and all counsel of record when discovery would be terminated, when exhibits should be exchanged, making provisions for amendments to the pretrial statement.....
And in order to be consistent with prior rulings under very similar circumstances, the Court cannot accept the offerings as made and relies on the rule 6003 through 6007 and also ... Wright v. Wendy's

...
... the Court is not in the business of trying to protect any of the parties by making this ruling except the only thing that the Court is trying to protect is the integrity of the proceedings.
We cannot find that the workers' compensation court abused its discretion in so ruling. Accordingly, we find this allegation of error to be without merit.
Claimant next alleges that the trial court erred in finding that he did not prove that an accident occurred and that he was not entitled to benefits. He further alleges that the trial court erred in not finding that he was entitled to temporary total disability.
The appellate court's review of the workers' compensation judge's findings of fact is governed by the manifest error or clearly wrong standard and will not be disturbed absent such a finding. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice of them can never bye manifestly erroneous or clearly wrong. Thus, if the factfinder's findings are reasonable in light of the record, the court of appeal may not reverse or modify the judgment.
Barbarin v. TLC Home Health, 02-1054 (La.App. 5 Cir. 4/29/03), 845 So.2d 1199, 1202.
The claimant in a workers' compensation case has the burden of proving a work-related accident and a resulting injury by a preponderance of the evidence. The claimant's testimony alone may be sufficient to satisfy this burden of proof, as long as there is no other evidence that discredits or casts serious doubt upon his version of the incident, and his testimony is corroborated by circumstances following the alleged accident. Head v. Winn-Dixie, Inc., 01-467 (La.App. 5 Cir. 10/17/01), 800 So.2d 992, 995. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends. Corroboration may also be provided by medical evidence. Shaw v. Arc of St. Charles, 00-1193 (La.App. 5 Cir. 11/28/00), 776 So.2d 542, 545.
We note that in this case, the only evidence of the accident was the testimony of claimant. Furthermore, there was evidence that claimant was able to work, and was employed after the accident occurred. Thus, we cannot say that the workers' compensation judge was manifestly erroneous in his conclusions. Nevertheless, McCorkle paid wages, and Brice paid compensation benefits to claimant. Claimant does not allege in this appeal that his medical bills were unpaid. Claimant's issues in this appeal are that Brice erred in ceasing to pay benefits, and his *618 contention that he is entitled to temporary and total disability.
A claimant seeking temporary or permanent disability benefits must offer clear and convincing evidence that he is unable to engage in any type of employment. La. R.S. 23:1221(1). In order to meet this clear and convincing standard, the claimant must introduce objective medical evidence. Greis v. Lake Charles Memorial Hosp., 97-1258 (La.App. 3 Cir. 3/6/98), 709 So.2d 986, writ denied, 98-0937 and 98-0938 (La.5/19/98), 719 So.2d 467. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. This factual finding should be given great weight and should not be overturned absent manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993).
At trial, Mr. Ratliff testified that he could not return to his job with McCorkle. However, Mr. Ratliff offered no testimony to show that he was unable to perform any work. Further, Dr. Nutik's report opined that claimant could perform, at a minimum, light duty work. Mr. Ratliff did not present any evidence to show that there was no light duty work available to him. We therefore find that Mr. Ratliff did not meet his burden of proving, by clear and convincing evidence, that he was unable to engage in any type of employment as a result of the accident.
Finally, claimant argues that he is, at the very least, entitled to supplemental earnings benefits. Again the claimant offered no evidence to show that he could not obtain employment equal to ninety percent of his wages at the time of his injury.
For the above discussed reasons, the decision of the workers' compensation judge dismissing appellant's claim is affirmed. All costs are assessed against appellant.
AFFIRMED.