J^FITZSIMMONS, J.
Plaintiff, Larry C. Shaffer, appeals the workers’ compensation judge’s grant of a motion to strike plaintiffs pre-trial statement and dismissal of his claim. We affirm.
In May -of 2001, plaintiff, Mr. Shaffer, filed a disputed claim for workers’ compensation against his employer, Brand Scaffold Builders, Inc. (Brand). Trial was set for January 7, 2002. It was continued several times. On July 26, 2002, Brand filed its pre-trial statement. The trial was again rescheduled for December 4, 2002.
On August 12, 2002, the workers’ compensation judge granted a motion to withdraw filed by Mr. Shaffer’s attorney. On August 22, 2002, Brand filed a motion for summary judgment, which was set for hearing on October 11, 2002. In support of its motion, Brand alleged that Mr. Shaffer forfeited all rights to compensation by willfully misrepresenting his injury and disabilities. See La. R.S. 23:1208 E. Acting as counsel for Mr. Shaffer, Mr. Byard Edwards filed an opposition to the motion for summary judgment on October 9th, and enrolled as counsel on October 11th. At that point in time, the record contained a pre-trial statement by Brand, listing witnesses and exhibits, and a trial date, but no pre-trial statement by Mr. Shaffer. After a hearing on the motion for summary judgment, the workers’ compensation judge noted that Brand’s assertions of willful misrepresentation or fraud under Louisiana Revised Statutes 23:1208 contained some merit. However, the material issue of Mr. Shaffer’s credibility remained. The judge referred the credibility determination on the 1208 claim to the December 4th trial, and denied the motion for summary judgment.
On November 6, 2002, Brand filed an amended pre-trial statement. With the consent of plaintiffs attorney, Brand also filed a “MOTION TO EXTEND ALL DEADLINES AND CUTOFF DATES,” which was granted by the workers’ ^compensation judge. On November 7, 2002, the order setting the new deadline of November 22, 2002, was filed in the record. On November 27, 2002, Mr. Shaffer filed a pre-trial statement. On December 2, 2002, Brand filed a motion to strike the plaintiffs pre-trial statement as untimely. In support of the untimeliness claim, *151 Brand asserted that plaintiff, Mr. Shaffer, filed his statement on November 27th, five days after the November 22nd deadline for any pre-trial statements, including exhibit and witness lists. On the day set for the trial, December 4, 2002, Mr. Shaffer filed an opposition to the motion to strike. In the opposition, Mr. Shaffer asserted that notice of the new deadlines was sent to the wrong attorney and that plaintiffs counsel, Mr. Edwards, did not receive notice until November 26th. -
At the trial on December 4th, the remaining credibility issue of the 1208 claim was addressed. Mr. Shaffer testified and submitted a report by Dr. Jack Loupe. Defendant, Brand, offered exhibits, but no live testimony. When Mr. Shaffer’s counsel then attempted to offer more evidence, the judge limited the evidence to what had already been “utilized” during the trial. Subsequently, however, Mr. Shaffer’s counsel was allowed to relate to the judge the gist of plaintiffs expert’s medical testimony concerning the effect of oxycontin on the memory. The workers’ compensation judge then took the 1208 claim under advisement.
The untimely notice claim was not discussed during the trial. Both counsel filed post-trial memoranda, but neither argued the notice issue.
In his written reasons for judgment, the judge made no mention of plaintiffs attorney’s claim that notice of the new deadline was sent to the wrong attorney, or that plaintiff and his attorney were unaware of the new deadline until November 26th. The judge did specifically find that plaintiffs pre-trial statement was not timely filed. The judge next noted that he observed Mr. Shaffer during his | testimony and found him not credible. By judgment dated December 13th, the workers’ compensation judge granted Brand’s motion to strike and found in favor of Brand on the 1208 claim.' The judgment held that Mr. Shaffer violated Louisiana Revised Statutes 23:1208 by making false statements concerning his injuries and thereby forfeited any compensation benefits..
On appeal, Mr. Shaffer asserts that the trial court erred in striking plaintiffs pre-trial statement and ruling against Mr. Shaffer without hearing all of the evidence. Mr. Shaffer asks this court to remand the matter for a new trial. In his brief to this court, Mr. Shaffer’s counsel argues that the workers’ compensation judge’s secretary sent the pre-trial order with the new cutoff dates to the wrong attorney. As support for that allegation counsel cites to an affidavit from his secretary. The affidavit, however, is not in the record.
To insure an orderly disposition of cases, a workers’ compensation judge is given discretion to determine whether to allow witnesses or exhibits not previously listed in a pre-trial statement or order. Absent an abuse of discretion, the decision of the trier of fact will be upheld. Wright v. Wendy’s International, Inc., 01-2758, p. 4 (La.App. 1 Cir. 12/20/02), 836 So.2d 325, 327; Kennedy v. Johnny F. Smith Trucking, 94-0618, p. 5 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 529. Furthermore, it is incumbent upon counsel, who contends that a witness’s testimony or evidence was improperly excluded, to make a proffer. If he fails to do so, he cannot contend such exclusion was error. Wright, 01-2758 at p. 4, 836 So.2d at 327; Kennedy, 94-0618 at p. 6, 652 So.2d at 530. Appellate review of workers’ compensation cases is governed by the manifest error-clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530, p. 4 (La.1/14/94), 630 So.2d 733, 737.
From Mr. Shaffer’s argument in his brief to this court, it appears that he did not file a pre-trial statement before the *152 original cutoff date, and that the requested Iscutoff extension was filed after the original date had passed. However, the original cutoff date cannot be confirmed in the record. It is undisputed that Mr. Shaffer knew the trial was set for December 4, 2002, less than a month from the date the motion for an extension was filed. Additionally, the filing of the pre-trial statement on November 27th provided Brand with only a week’s notice of the witnesses that may be used at the trial. As to the exhibits to be used, the plaintiff stated that he was “seeking any and all exhibits, payroll stubs, payroll records and x-rays.” And yet, only a week from trial, plaintiff did not ask for a trial date extension. Although Mr. Shaffer also did not file the motion for an extension of the original pretrial statement cutoff date, we note that the extension afforded him a second opportunity to file a pre-trial statement. We further note from the record that both parties presented evidence at the hearing on the motion for summary judgment. After the summary judgment hearing, the judge found that the only remaining issue on the 1208 claim was Mr. Shaffer’s credibility. Notwithstanding these somewhat exacerbating facts, plaintiffs claim on appeal may have still elicited some type of relief if it had been supported by evidence, documentary or testimonial. The record on appeal, however, contains no specific evidence on the untimely notice issue. It is also devoid of a proffer for review on timeliness or the 1208 claim.
By failing to “make a record” through argument at trial, to submit any record evidence on the untimely notice issue, or to proffer into the record the evidence he believed was crucial to his claims, Mr. Shaffer left this court with no articula-tive basis for overturning the judgment and cannot now complain of the exclusion. Wright, 01-2758 at p. 4, 836 So.2d at 327-28; Kennedy, 94-0618 at p. 6, 652 So.2d at 530. Mere allegations and conjecture are not sufficient for vacation of a judgment and remand for a second trial on the same issues. Thus, we cannot say that the workers’ compensation judge abused his discretion in granting the motion | uto strike. Based on the evidence that is in the record, we also cannot say that the judge was clearly wrong in finding that Mr. Shaffer violated Louisiana Revised Statutes 23:1208. See Freeman, 93-1530 at p. 4, 630 So.2d at 737; Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Wright, 01-2758 at p. 4, 836 So.2d at 327; Kennedy, 94-0618 at p. 5, 652 So.2d at 529.
For these reasons, we affirm the judgment. The costs of the appeal are assessed to plaintiff, Mr. Shaffer.
AFFIRMED.