J¿AMY, J.,
dissenting.
I respectfully disagree that an affirmation is warranted. Louisiana Revised Statutes 23:1201(1) defines an “accident” in the context of workers’ compensation as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury [.]” (Emphasis added.) It is well settled that in order for a claimant to recover temporary total disability benefits, such as those sought by Mr. Coleman herein, “the claimant is required to introduce objective medical evidence supporting the existence of [his disability].” (Emphasis added.) Clark v. Town of Basile, 01-1203, p. 8 (La.App. 3 Cir. 3/27/02), 812 So.2d 879, 884. See also, Ratliff v. Brice Bldg. Co., 03-624 (La.App. 5 Cir. 11/12/03), 861 So.2d 613; Daniel v. New Orleans Public Service Inc., 02-2427 (La.App. 4 Cir. 12/3/03), 861 So.2d 721; Boquet v. Tetra Technologies, Inc., 02-937 (La.App. 1 Cir. 2/14/03), 847 So.2d 1. In my opinion, the sole evidence presented as to Mr. Coleman’s injury was of a subjective character; as such, it does not meet the requisite standard for recovery of temporary total disability benefits. Accordingly, I would reverse the trial court’s determi *1164 nation that Mr. Coleman is temporarily totally disabled.
I respectfully dissent.